David A. Chami, AZ Bar #027585
Beth Findsen, AZ Bar #023205
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: 818 600-5515
F: 866-401-1457
E: david@pricelawgroup.com
E: beth@pricelawgroup.com
Attorneys for Plaintiff
Megan Barrera

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Barrera,<br><br>  Plaintiff,<br><br>v.<br><br>USAA Federal Savings Bank,<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br>  1. TCPA, 47 U.S.C. §227<br>  2. TFDCPA, Tex. Fin. Code §392<br>  3. Intrusion Upon Seclusion |

Plaintiff Megan Barrera ("Megan"), by and through her attorneys, alleges the following against Defendant USAA Federal Savings Bank ("USAA"):

## INTRODUCTION

1.  Count I of Megan's Complaint is based upon the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

2.  Count II of Megan's Complaint is based upon the Texas Fair Debt Collection

Practices Act ("TFDCPA"), Tex. Fin. Code §392, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Megan's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

4. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) in that defendant resides in this district. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Megan is a natural person residing in Texas.

7. Megan is a "consumer" as defined by the TFDCPA, Tex. Fin. Code §392.001(1).

8. USAA is a "debt collector" as defined by the TFDCPA, Tex. Fin. Code §392.001(6).

9. Defendant USAA is a banking institution engaged in the business of giving credit and collecting debt. Defendant can be served at 1 Norterra Drive, Phoenix, AZ 85085.

## FACTUAL ALLEGATIONS

10. Beginning in or around September 2019, USAA began attempting to collect a debt allegedly owed by Megan.

11. The debt is an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. On or about September 17, 2019, Megan answered a call from USAA and spoke with a representative.

13. After picking up the call, Megan noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

14. The representative informed Megan that USAA was attempting to collect an alleged debt.

15. After going through the identification process, Megan informed the representative that she had no money because she had recently moved and switched jobs, which drastically reduced her income and was unable to pay her debts.

16. Megan instructed the representative to communicate with her by corresponding by mail only. Megan also stated and that she would contact USAA once she was again able to make a payment.

17. Despite Megan expressly informing USAA not to call her and that she could not pay at the time, only three days later, USAA began a harassment campaign by calling Megan on her cellular phone relentlessly for six months, including on the weekends.

18. The calls originated from (800) 531-8722, which is owned or operated by USAA upon information and belief.

19. Upon information and belief, the calls originated at or were initiated, routed or masked as coming from USAA's call center(s) in Arizona.

20. Between September 20, 2019 and February 29, 2020, USAA called Megan on her cellular phone no less than **THREE HUNDRED AND TWENTY (320) times** after Megan requested for the calls to cease.

21. USAA called Megan almost every day, including the weekends.

22. USAA called Megan several times a day on a regular basis, up to four (4) times in one day.

23. USAA called Megan at all times during the day from as early as 8 am to as late as

8 pm.

24. Upon information and belief, USAA also called and texted, or attempted to call and text friends and family of Megan with the intention that they would communicate to Megan that USAA was attempting to collect a debt from her, causing Megan additional embarrassment and distress.

25. Upon information and belief, USAA called Megan and delivered prerecorded or artificial voice messages.

26. Upon information and belief, USAA's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

27. USAA's intrusion upon Megan's seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts. USAA's conduct was especially unreasonable because it called relentlessly shortly after Megan had explained the reason why she did not have money to repay and expressly revoked consent to be called, and USAA could not have reasonably expected her situation to change in just three days.

28. USAA's conduct was not only knowing and willful but was done with the intention of causing Megan such distress, so as to induce her to pay the debt or somehow pay more than she was able to.

29. USAA is familiar with the TCPA and the TFDCPA.

30. Each and every one of USAA's telephone calls caused Megan distraction and temporary loss of use of her telephone line.

31. As a result of USAA's conduct, Megan has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

32. Megan incorporates by reference the foregoing paragraphs as fully stated herein.

33. USAA violated the TCPA. USAA's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, USAA violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. a. Within four years prior to the filing of this action, on multiple occasions, USAA violated TCPA 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ."

    c. Within four years prior to the filing of this action, on multiple occasions, USAA willfully and/or knowingly contacted Megan on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, USAA knowing and/or willfully violated the TCPA.

34. As a result of USAA's violations of 47 U.S.C. §227, Megan is entitled to declaratory judgment that USAA's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that USAA knowingly and/or willfully violated the

TCPA, Megan is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## COUNT II

### Violations of the TFDCPA, Tex. Fin. Code §392

35. Megan incorporates by reference the foregoing paragraphs as fully stated herein.

36. USAA violated the TFDCPA. USAA's violations include, but are not limited to the following:

   a. Defendant violated Tex. Fin. Code 392.302(4) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated Tex. Fin. Code 392.303 by using unfair or unconscionable means; and

   c. Defendant violated Tex. Fin. Code 392.303 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. §1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    iv. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. §1692c(a)(1) by communicating with the consumer at any unusual time or place known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

37. USAA's acts, as described above, were done knowingly and willfully.

38. As a result of the foregoing violations of the TFDCPA, USAA is liable to Megan for declaratory judgment that USAA's conduct violated the TFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### Invasion of Privacy – Intrusion Upon Seclusion

39. Megan incorporates by reference the foregoing paragraphs as fully stated herein.

40. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41. USAA violated Megan's privacy. USAA's violations include, but are not limited to, the following:

    a. USAA intentionally intruded, physically or otherwise, upon Megan's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

    b. The number and frequency of the telephone calls to Megan by USAA after a request(s) for the calls to cease constitute an intrusion on Megan's privacy

and solitude.

    c. USAA's conduct would be highly offensive to a reasonable person as Megan received countless calls that often interrupted and occupied her phone line.

    d. The frequency and volume of USAA's calls were harassing to Megan.

42. USAA's acts, as described above, were done intentionally with the purpose of coercing Megan to pay the alleged debt.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Megan Barrera hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Megan Barrera respectfully requests judgment be entered against Defendant USAA Federal Savings Bank for the following:

    A. Declaratory judgment that USAA violated the TCPA and TFDCPA;

    B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

    C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

    D. Actual damages pursuant to Tex. Fin. Code 392.403(2);

    E. Costs and reasonable attorneys' fees pursuant to Tex. Fin. Code 392.403(b);

    F. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 8th day of July 2020.

By: */s/ David A. Chami*
David A. Chami, AZ Bar #027585
Beth Findsen, AZ Bar #023205
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: 818 600-5515
F: 866-401-1457
E: david@pricelawgroup.com
E: beth@pricelawgroup.com
*Attorneys for Plaintiff
Megan Barrera*

*Barrera, Megan v. USAA Federal Savings Bank*
Complaint