John S. Craiger (#021731)
jcraiger@polsinelli.com
Thomas E. Mitchell Jr. (#034827)
tmitchell@polsinelli.com
POLSINELLI PC
CityScape, One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033 Fax
*Attorneys for Defendant USAA Federal
Savings Bank*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Barrera,<br><br>                    Plaintiff,<br><br>        v.<br><br>USAA Federal Savings Bank,<br><br>                    Defendant. | Case No.  2:20-CV-01344-SPL<br><br><br>**DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS** |

Defendant USAA Federal Savings Bank ("USAA FSB"), a Texas corporation, moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer this action filed by Plaintiff, a Texas resident, to the District Court for the Western District of Texas. As set forth below, Texas is a more convenient forum for the parties and witnesses, since "this Court has no connection with the underlying facts in this matter." *Nikola Corp. v. Tesla Inc.*, No. CV1801344PHXJASBPV, 2018 WL 6584981, at *3-5 (D. Ariz. Oct. 29, 2018), report and recommendation adopted in part, No. CV181344PHXJASBPV, 2018 WL 6584980 (D. Ariz. Dec. 7, 2018) (granting a motion to transfer

venue). The interest of justice favors transfer.[1]

I.   **INTRODUCTION**

On July 8, 2020, Plaintiff filed a Complaint in the District of Arizona alleging that USAA FSB violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Texas Fair Debt Collection Practices Act ("TFDCPA"), Tex. Fin. Code 392.303, and common law invasion of privacy.  (Compl., ¶¶ 32-42.) Plaintiff's claims arise out of USAA FSB's alleged telephone calls "to collect a debt from her." (*Id*. at ¶¶ 10, 14, 24.)

For at least the following reasons, the overall convenience of the witnesses and the parties, as well as the public interest, strongly favor transfer to the Western District of Texas. First, none of the at-issue conduct occurred in this State, the vast majority of the information, documents, and personnel that are related to the allegations in this case are located in the Western District of Texas, ultimately making venue in the Western District of Texas convenient for both parties.  The majority of the witnesses or documents are located in Texas, and none of the allegations giving rise to this case occurred in Arizona. Second, Plaintiff herself is located in Texas. Third, the evidence is located in Texas. Fourth, the substantive law at issue in this action is a federal statute, and Texas statutory and common law claims. Fifth, there is no Arizona state law claims or other claims that specifically implicate the District of Arizona. Finally, Arizona has no contacts with Plaintiff's cause of action. On these bases, the Court should issue an order transferring venue of this case to the Western District of Texas.

---

[1] In the alternative, USAA FSB has filed a motion to compel arbitration pursuant to an arbitration agreement between the parties per the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

## II.   <u>FACTS</u>

USAA FSB is a federal chartered savings association with its principal place of business in San Antonio, Texas. (*See* Declaration of Michelle Deneen attached hereto as **Exhibit A** ("Deneen Decl."), ¶ 3.) Although USAA FSB has an office in Arizona, USAA FSB makes collection-related calls from San Antonio, Texas. (*Id.* at ¶¶ 4-5.)

Plaintiff has no connection to Arizona and, instead, lives in Texas. (Compl. at ¶ 6.) Presumably any evidence in Plaintiff's possession is in Texas. USAA FSB's business records that relate to this action are located in Texas, including, but not limited to, documents related to the alleged telephone calls at issue in the lawsuit and the underlying debt, Plaintiff's communications with USAA FSB, the manner and means by which the calls were made, and USAA FSB's policies and procedures.  (Deneen Decl. at ¶ 6.)

## III.   <u>LEGAL STANDARD</u>

A district court has discretion to transfer a civil action for the convenience of parties and witnesses,  in the interest of justice to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether a transfer is appropriate requires an individualized consideration of the parties and witnesses private interests as well as the public interests in litigating the case in a particular forum. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The defendant bears the burden to show that transfer is appropriate under Section 1404(a). *Commodity Futures Trading Comm'n  v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones*, 211 F.3d at 498.  Specifically, the Court should consider: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is the most familiar with the governing law, (3) the plaintiff's choice of forum,

(4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Conte v. Ginsey Industries, Inc.*, No. CV 12-0728-PHX-JAT, 2012 WL 3095019, at *2 (D. Ariz. July 30, 2012).

Typically, the defendant must make a strong showing that transfer is appropriate to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986) (internal citations omitted). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (internal quotation marks and citation omitted). "The degree to which courts defer to the plaintiff's venue choice is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Id*. (internal quotation marks and citation omitted). Accordingly, all Section 1404(a) factors weigh in favor of transferring this case to the Western District of Texas.

## IV.   BOTH PRONGS OF THE 1404(A) TEST WEIGH IN FAVOR OF TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF TEXAS.

### A.   This Action Could Have Been Brought in the Western District of Texas.

The Court's first step in analyzing whether transfer is appropriate is to determine that this action could have been brought in the Western District of Texas. The transferee court must have complete personal jurisdiction over defendants, subject matter jurisdiction over the claim, and the proper venue had the claim originally been brought in that court. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The Western District of Texas satisfies all three requirements.

First, the Western District of Texas has personal jurisdiction over USAA FSB because USAA FSB is located in San Antonio, Texas, USAA FSB is headquartered in San Antonio, and any at-issue calls in this case were actually made by USAA FSB in San Antonio. The Western

District of Texas also has personal jurisdiction over Plaintiff because she resides in Texas. (Compl. at ¶ 6.)

Second, the Western District of Texas has subject matter because the TCPA is a federal statute. *See Mims v. Arrow Fin. Servs.*, 132 S. Ct. 740, 745 (2012). The Western District of Texas has supplemental jurisdiction over Plaintiff's claim under the TFDCPA and for invasion of privacy. *See* 28 U.S.C. § 1367(a). Finally, venue is proper in the Western District of Texas because USAA FSB and Plaintiff are subject personal jurisdiction in the Western District of Texas. 28 U.S.C. § 1391(b)(3).

**B.   The 1404(a) Factors Weigh Strongly In Favor Of Transfer To The Western District of Texas.**

**1.   FACTOR 1: The Location of Negotiation and Execution of Relevant Agreements is Neutral.**

In order to establish a claim under the TCPA, Plaintiff must prove that USAA FSB called her on her cellular telephone, using an automatic telephone dialing system and/or artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A)(iii). Similarly, Plaintiff's claims under the TFDCPA and for invasion of privacy related to USAA FSB's calls to Plaintiff. No contract or agreements are relevant to Plaintiff's ability to establish a *prima facie* claim under the TCPA, TFDCPA, or intrusion upon seclusion. Accordingly, factor 1 is neutral.[2]

**2.   FACTOR 2: Texas is the State Most Familiar with Governing Law.**

Plaintiff's Complaint alleges a violation of the TCPA, a federal statute with no particular connection to Arizona or Texas.  More importantly, however, Plaintiff alleges a claim under the TFDCPA, a Texas statute, as well as a common law claim for invasion of privacy (which

---

[2] USAA FSB intends to assert the affirmative defense that Plaintiff provided prior express consent for USAA FSB to call her. *In Re Rules and Regulations Implementing the TCPA of 1991*, 23 FCC Rcd 559, ¶ 10 (2008) ("Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent.").

necessarily arises from an alleged invasion in Texas, since that it was Plaintiff is). *See Conte,* 2012 WL 3095019, at *3 ("As the Ninth Circuit notes, a state's familiarity with the governing law (rather than its ability to merely access or research that law) does factor into the appropriateness of venue transfer.") Thus, Texas's familiarly with the Texas state law claims weighs in favor of transfer.

### 3.      FACTOR 3: Plaintiff's Choice of Forum is Entitled to Little Weight Because Plaintiff is Not a Resident of this State.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Hathcock v. BNSF Ry. Co.*, No. 3:13-cv-00230 KGB, 2014 WL 1660633, at *1 (E.D. Ark. April 24, 2014) (internal citation omitted). "However, a plaintiff's choice of forum is due less deference when the plaintiff does not reside there or when the transaction or underlying facts did not occur there." *Id.* (internal citation omitted). Here, Plaintiff is not a resident of Arizona and, therefore, Plaintiff's choice to file in Arizona is not entitled to deference, particularly when Arizona has *no connection with the underlying facts of the case*.

### 4.      FACTOR 4; The Respective Parties' Contacts with the Forum. Neither Parties Have Substantial Contacts with Arizona.

Plaintiff resides in Texas and does not allege she has any contacts with Arizona. (Compl. at ¶ 6.) USAA FSB is not incorporated in Arizona and its principal place of business is in San Antonio Texas. (Deneen Decl. at ¶ 3.) USAA FSB has an office in Arizona and does anticipate that it may use one witness from its Arizona office to testify in this matter; however, the alleged calls to Plaintiff were made from Texas and all the claims arise from conduct that allegedly occurred in Texas.  Factor 4 weighs in favor of transfer.

5.      **FACTOR 5: Arizona Has No Contact's with Plaintiff's Cause of Action.**

Plaintiff alleges that she received calls from USAA FSB attempting to collect a debt. (Compl. at ¶ 10.) Plaintiff resides in Texas, not Arizona. (*Id.* at ¶ 6.) None of the calls or communications giving rise to this case occurred in Arizona, but were made from Texas. (Deneen Decl. at ¶ 5.) None of the allegations giving rise to this case occurred in Arizona and all documents related to Plaintiff's debt or any calls made to Plaintiff are located in Texas. *See World Resorts Int'l, LLC v. Interval Int'l, Inc.*, No. CV 12-00878-PHX-NVW, 2012 WL 3257607, at *1 (D. Ariz. Aug. 8, 2012) (granting motion to transfer based upon the "locus of the events and transactions underlying this litigation."). Accordingly, as Arizona has no contacts with Plaintiff's cause of action, Factor 5 weighs in favor of transferring to the Western District of Texas.

6.      **FACTOR 6: The Litigation Costs Will be Higher in Arizona.**

The cost to litigate will be higher in Arizona as neither Plaintiff is not located in Arizona and any documents and evidence are not located in Arizona, including presumably documents in Plaintiff's possession. (Deneen Decl., ¶ 6.) Although USAA FSB has previously had a corporate representative testify in previous similar litigation who is located in Arizona, that is only one witness, and its actual headquarters is in Texas. Transferring the case to the Western District of Texas will impact both USAA FSB and Plaintiff's litigation costs as both Plaintiff and USAA FSB are located in Texas. Travelling to any court proceeding, hearing, or trial will clearly cost for both parties in Texas. *See Nikola*, 2018 WL 6584981 at *4 (finding the "place where the defendant's documents are kept weighs in favor of transfer to that location."). It makes more sense for the case to be where *both* parties actually are: Texas. Therefore, Factor 6 weighs in favor of transfer.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 7.    FACTOR 7.  All Non-Party Witnesses are Located in Texas.

The only *non-party* witnesses with information or knowledge (known to USAA FSB at this time) are USAA FSB employees located in Texas. The USAA FSB representatives are also key witnesses in this action as USAA FSB is actually the entity that made the telephone calls on behalf of USAA SB. The District of Arizona cannot subpoena these individuals for trial under Fed.R.Civ.P. 45(c)(1). Additionally, the costs of sending witnesses to travel to Arizona would be great. *See World Resorts Int'l, LLC v. Interval Int'l, Inc.*, No. CV 12-00878-PHX-NVW, 2012 WL 3257607, at *1 (D. Ariz. Aug. 8, 2012) (granting motion to transfer "[b]ecause the pertinent witnesses are located mainly outside the subpoena power of the District of Arizona, transfer to California will facilitate the efficiency and fairness of this litigation."). Therefore, Factor 7 weighs in favor of transferring this case to the Western District of Texas.

### 8.    FACTOR 8.  The Ease of Access to Sources of Proof.

As set forth above, USAA FSB's business records that relate to this action are located in Texas, including, but not limited to, documents related to the alleged telephone calls at issue in the lawsuit and the underlying debt, Plaintiff's communications with USAA FSB, the manner and means by which the calls were made, and USAA FSB's policies and procedures. (Deneen Decl., ¶ 6.) Plaintiff is also located in Texas and any evidence of Plaintiff's is also presumably in Texas. *See Nikola*, 2018 WL 6584981 at *4 (assessing "access to sources of proof" and disregarding the "electronic" transfer of documents because "witness testimony is more convenient" in the transferred venue). Thus, for the similar reasons as above, Factor 8, "ease of access to evidence" for both parties weigh in favor of transferring this case to the Western District of Texas.

V.    **CONCLUSION**

For the foregoing reasons, USAA FSB respectfully requests that the Court grant the Motion.

Dated this 5th day of August, 2020.

Polsinelli PC

By: */s/ John S. Craiger* _____
JOHN S. CRAIGER (#021731)
jcraiger@polsinelli.com
THOMAS E. MITCHELL JR. (#034827)
tmitchell@polsinelli.com
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
(602) 650-2000
*Attorneys for Defendant USAA Federal Savings Bank*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2020, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David A. Chami
Beth Findsen
Price Law Group
8245 N. 85th Way
Scottsdale, AZ 85258
david@pricelawgroup.com
beth@pricelawgroup.com
*Attorneys for Plaintiff*


By:*/s/ A. Renteria*