John S. Craiger (#021731)
jcraiger@polsinelli.com
Thomas E. Mitchell Jr. (#034827)
tmitchell@polsinelli.com
POLSINELLI PC
CityScape, One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033 Fax
Attorneys for Defendant USAA Federal Savings Bank

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| Megan Barrera, | Case No. 2:20-CV-01344-SPL |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT USAA FEDERAL SAVINGS BANK'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS** |
| USAA Federal Savings Bank, | |
| Defendant. | |

Plaintiff is in the Western District of Texas, as is USAA FSB's[1] principal place of business. Plaintiff alleges a Texas state law claim, and the conduct giving rise to Plaintiff's claims all occurred in Texas. The relevant factors for transfer under 28 U.S.C. § 1404(a) weigh in favor of granting USAA FSB's Motion to Transfer, (Doc. 9) ("Motion"), and transferring this matter to the Western District of Texas.

**I.    USAA FSB'S MOTION IS NOT MOOT**

First, Plaintiff claims that USAA FSB's Motion is moot because Plaintiff has consented to arbitration. (Doc. 12.) Not so. USAA SB first requested that this Motion be

---

[1] Defined terms have the same meaning as in USAA FSB's Motion to Transfer (Doc. 9).

granted, such that the Western District of Texas should make a determination on the Motion to Dismiss and Compel Arbitration. That Plaintiff consents to arbitration does not moot the issue of in which Court this action should be stayed, in the event the case is not dismissed without prejudice.

## II. THE SECTION 1404(A) FACTORS WEIGH IN FAVOR OF TRANSFER

### A. FACTOR 1: The Location of Negotiation and Execution of Relevant Agreements is Neutral.

Plaintiff agrees that this factor is neutral. (Doc. 12 at 6.) (Discussing same factor as "factor 6" in Plaintiff's Opposition.)

### B. FACTOR 2: Texas is the State Most Familiar with Governing Law.

Plaintiff concedes that this factor weighs in favor of transfer owing to the fact that she alleges a state law claim under Texas law. (Doc. 12 at 5-6.) (Discussing same factor as "factor 5" in Plaintiff's Opposition.) While Plaintiff claims this factor only "marginally" weighs in favor of transfer, she does not actually explain why that is the case. "The familiarity-with-governing-law factor is meant to apply in cases involving state-law claims—it reflects a presumption that a federal court will know more about the substantive law of its home state (having derived this wisdom from handling diversity suits) than a federal court located in a different state." *Grabham v. Am. Airlines Inc.*, No. CV-17-03741-PHX-DWL, 2019 U.S. Dist. LEXIS 11340, 2019 WL 316213, at *4 (D. Ariz. Jan. 24, 2019).

### C. FACTOR 3: Plaintiff's Choice of Forum is Entitled to Little Weight Because Plaintiff is Not a Resident of this State and the Conduct Occurred in Texas.

Plaintiff concedes that she is not a resident of Arizona. Instead, Plaintiff argues that

this factor weighs against transfer simply because she alleges that USAA FSB "called her from" Arizona. (Doc. 12 at 4.) (Discussing same factor as "factor 1" in Plaintiff's Opposition.) And Plaintiff claims that USAA FSB has presented "no evidence" other than "conclusory statement" that it made the calls from Texas. (*Id.*)

To the contrary, it is Plaintiff who conclusorily alleges "upon information and belief" that the calls at issue were "initiated, routed, or masked as coming from" Arizona. (Doc. 1, Compl., ¶ 19.) First, whether calls were "routed" to Arizona or "masked" (whatever that means) as coming from Arizona is irrelevant. What is relevant under the TCPA is from where the call is "initiated"; that is, the location of where the steps were taken "to physically place a telephone call." *In Re Rules & Regulations Implementing the TCPA*, 30 FCC Rcd 7961, ¶ 27 (2015).

It is Plaintiff's "upon information and belief" allegations that are conclusory and entitled to no deference in deciding USAA FSB's Motion. *See, e.g.*, *Theodosakis v. Clegg*, No. CV-14-02445-TUC-JAS (BPV), 2017 U.S. Dist. LEXIS 13200, *49 (D. Ariz. Jan. 30, 2017) ("Nor does Plaintiffs' reliance on 'information and belief', in and of itself, convert conclusory allegations into non-conclusory ones.").

In contrast, USAA FSB has actual knowledge of where the at-issue telephone calls were made: San Antonio, Texas. (Doc. 9-1 at ¶¶ 1, 5.) And for that matter, all of Plaintiff's relevant conduct (*i.e.*, allegedly revoking consent, the alleged intrusion upon seclusion, etc.), occurred in Texas as well. Plaintiff is not a resident of Arizona and, therefore, Plaintiff's choice to file in Arizona is not entitled to deference, particularly when Arizona has *no connection with the underlying facts of the case*. *Hathcock v. BNSF Ry. Co.*, No.

3:13-cv-00230 KGB, 2014 WL 1660633, at *1 (E.D. Ark. April 24, 2014).

### D.  FACTOR 4: The Respective Parties' Contacts with the Forum.  Neither Parties Have Substantial Contacts with Arizona.

Similar to the above, Plaintiff admits that while she is not a resident of Arizona, Plaintiff claims this factor weighs against transfer simply because "Plaintiff alleged that the calls were placed from" Arizona. (Doc. 12 at 6.) (Discussing same factor as "factor 7" in Plaintiff's Opposition.) And like the above, Plaintiff's "upon information and belief" allegations are not entitled to any deference and, unlike Plaintiff, USAA FSB has actual knowledge of the location from where it initiated the at-issue calls: San Antonio, Texas. This factor weighs in favor of transfer:

### E.  FACTOR 5: Arizona Has No Contacts with Plaintiff's Cause of Action / Convenience of the Parties.

Plaintiff does not discuss this as an independent factor in her Opposition, though the closest parallel is her argument regarding the convenience of the parties. (See Doc. 12 at 4-5) (Discussing similar factor as "factor 2" in Plaintiff's Opposition.) Regardless, for the same reasons as set forth in the preceding two sections, this factor likewise weights in favor of transfer, as the "locus of the events and transactions underlying this litigation" all occurred in Texas. *See World Resorts Int'l, LLC v. Interval Int'l, Inc.*, No. CV 12-00878-PHX-NVW, 2012 WL 3257607, at *1 (D. Ariz. Aug. 8, 2012). For that matter, Plaintiff does not actually make any argument about how or why Texas would somehow be more "inconvenient" for her than Arizona, given that she actually lives in Texas. Indeed, the fact that USAA FSB is entitled to notice Plaintiff's deposition to occur "in the forum where the action is pending," strongly weighs in favor of transfer to the place where Plaintiff is

4

DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF TEXAS
Case No. 2:20-CV-01344-SPL

actually lives. *See, e.g.*, *Doe v. Swift Transp. Co.*, No. 2:10-cv-00899-JWS, 2015 U.S. Dist. LEXIS 172604 (D. Ariz. Dec. 28, 2015) (granting the defendant's motion to compel arbitration in Arizona, where the suit was pending, even though the plaintiffs did not reside in Arizona).

### F. FACTOR 6: The Litigation Costs Will be Higher in Arizona.

Plaintiff claims that there will not be a cost difference as the documents can be transferred electronically. (Doc. 12 at 7.) (Discussing same factor as "factor 10" in Plaintiff's Opposition.) This is not actually true, as will be discussed more under Factor 8 below (ease of access to evidence). Even then, the costs for litigating in Arizona will certainly be higher for Plaintiff, as USAA FSB is entitled to depose Plaintiff "in the forum where the action is pending." *Id*. It makes more sense for the case to be where *both* parties actually are: Texas. Therefore, Factor 6 weighs in favor of transfer.

### G. FACTOR 7.  All Non-Party Witnesses are Located in Texas.

USAA FSB maintains this factor weighs in favor of transfer for the reasons set forth in its Motion. Regardless, Plaintiff concedes that this factor does not weigh against transfer and that it is, at most, neutral. (Doc. 12 at 6.) (Discussing same factor as "factor 8" in Plaintiff's Opposition.)

### H. FACTOR 8.  The Ease of Access to Sources of Proof.

Plaintiff claims this factor weighs "heavily" in favor of denying transfer as "Defendant's systems used to call Plaintiff will need to be physically examined and those system are located in this District." (Doc. 12 at 5) (Discussing same factor as "factor 3" in Plaintiff's Opposition.) But this errantly assumes that USAA SB's dialing equipment is

located in Arizona. As set forth in the preceding sections, Plaintiff is wrong. Her "upon information and belief" allegation is not entitled to deference and is not based on anything. USAA FSB's dialing equipment is located in San Antonio, Texas.

Also, even though some documents may be able to be served electronically, this is not a "compelling reason to keep this case in Arizona" when the actual documents are not kept in Arizona. *Nikola Corp. v. Tesla Inc.*, No. CV-18-01344-PHX-JAS (BPV), 2018 U.S. Dist. LEXIS 186577, *13-14 (D. Ariz. Oct. 29, 2018), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 206987 (Dec. 6, 2018); *see also, e.g.*, *Two-Way Media, LLC v. AT&T, Inc.*, 636 F. Supp. 2d 527, 532 (S.D. Tex. 2009) (noting that the fact that discovery may be exchanged electronically "does not render this factor superfluous").

Thus, given Plaintiff's admission that USAA FSB's dialing equipment "will need to be physically examined," and this equipment is in Texas, this factor weighs strongly in favor of transfer to Texas.

## I.     Additional Factors Listed by Plaintiff.

Plaintiff also identifies two additional factors for consideration, neither of which support her position. First, Plaintiff claims that a "forum selection clause" weighs against transfer as Plaintiff has consented to arbitrate. (Doc. 12 at 5) (Listed as "factor 4.") The fact that Plaintiff concedes her claims are subject to arbitration has no bearing on a "forum selection clause," and Plaintiff does not actually point to a forum selection clause. While USAA FSB agrees that the case should be arbitrated, to the extent the case is not dismissed and is instead stayed pending arbitration, that stay should be in the Western District of Texas. This factor is neutral.

Second, Plaintiff argues that this District has a "strong interest in ensuring Defendants complies with federal law[.]" (Doc. 12 at 6-7) (Listed as "factor 9.") But this ignores that Plaintiff has a Texas state law claim, and that both parties are in Texas. In short, "Texas federal courts" have a greater interest "in resolving matters of state law applicable within their districts." *See, e.g.*, *Garza v. Confi-Chek, Inc.*, No. 2:18-cv-01968-KJM-EFB, 2020 U.S. Dist. LEXIS 7837, *12 (E.D. Cal. Jan. 16, 2020).

## V.   CONCLUSION

For the foregoing reasons, USAA FSB respectfully requests that the Court grant the Motion.

Dated this 26th day of August, 2020.

Polsinelli PC

By: */s/ John S. Craiger*_____
JOHN S. CRAIGER (#021731)
jcraiger@polsinelli.com
THOMAS E. MITCHELL JR. (#034827)
tmitchell@polsinelli.com
CityScape, One E. Washington St., Ste. 1200
Phoenix, AZ 85004
(602) 650-2000

*Attorneys for Defendant USAA Federal Savings Bank*

7

DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS
Case No. 2:20-CV-01344-SPL

# **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2020, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David A. Chami
Price Law Group
8245 N. 85th Way
Scottsdale, AZ 85258

*Attorneys for Plaintiff*

By: _____/s/ Dana Troy_____

8

DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF TEXAS
Case No. 2:20-CV-01344-SPL